UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------X

UNITED STATES OF AMERICA    :

    -against-                          :

                                  14 CR 0160 (WFK)

WILLIESTEINA JACOBS,              :

    Defendant.                          :

--------------------------------------------X


**DEFENDANT WILLIESTEINA JACOBS'**

**REQUESTS TO CHARGE**


                            DOUGLAS G. MORRIS, ESQ.
                            MICHAEL WEIL, ESQ.
                            FEDERAL DEFENDERS OF NEW YORK, INC.
                            ONE PIERREPONT PLAZA, 16TH FLOOR
                            BROOKLYN, N.Y. 11201

                            ATTORNEY FOR DEFENDANT
                            WILLIESTEINA JACOBS


DATED:        BROOKLYN, N.Y.
               JULY 5, 2016


CC:    ASSISTANTS U.S. ATTORNEY YAEL EPSTEIN AND ANDREW KAMEROS

       CLERK OF THE COURT

       MS. WILLIESTEINA JACOBS

## REQUEST NO. 1

## IMPROPER CONSIDERATIONS:
## RACE OR ETHNIC ORIGIN

Your verdict must be based solely upon the evidence developed at trial or the lack of evidence.

In deciding whether the government has met its burden of proof beyond a reasonable doubt, it would be improper for you to consider any personal feelings you may have about the defendant's race or ethnic origin.   All persons are entitled to the presumption of innocence.  The government always has the burden of proving its case beyond a reasonable doubt.

It would be equally improper for you to allow any feelings you might have about the nature of the crime charged to interfere with your decision-making process.

To repeat, your verdict must be based exclusively upon the evidence or the lack of evidence in this case.


Adapted from 1 Sand, Modern Federal Jury Instructions, §2.01, Instruction 2-11 (2004).

## REQUEST NO. 2

## GOVERNMENT AS A PARTY

The fact that the prosecution is brought in the name of the United States of America entitles the government to no greater consideration than that accorded to each defendant.  By the same token, the government is entitled to no less consideration.  All parties, both the government and each defendant, stand as equals before the bar of justice.


Adapted from 1 Sand, Modern Federal Jury Instructions, §2.01, Instruction 2-5 (2004).

## REQUEST NO. 3

## TESTIMONY OF LAW ENFORCEMENT OFFICIALS

Some of the testimony in this case has come from law enforcement officers, including ones from the Internal Revenue Service, often known as the IRS.  The testimony of law enforcement officers or agents is not entitled to more or less believability than that of any other person.  You should, however, consider whether any law enforcement officer working on this case may have consciously or unconsciously let his reporting of the events be affected by his or her desire to see his or her work crowned with success.


Adapted from the charge in U. S. v. Martinez, 89 CR 397 (SDNY) (LBS).

4

## ALTERNATIVE REQUEST NO. 3A

## TESTIMONY OF LAW ENFORCEMENT OFFICIALS

You have heard the testimony of government law enforcement people, in particular, from the Internal Revenue Service, often known as the IRS.  The fact that a witness may be employed by the federal government as a law enforcement official does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of any other witness.

At the same time, it is quite legitimate for defense counsel to try to attack the believability of a law enforcement witness on the grounds that his or her testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of law enforcement witnesses and to give that testimony whatever weight, if any, you find it deserves.

Adapted from 1 Sand, Modern Federal Jury Instructions, §7.01, Instruction 7-16 (2004).

5

## REQUEST NO. 4

## INVESTIGATIVE TECHNIQUES

Law enforcement techniques are not your concern.  However, to the extent that you find that the law enforcement techniques of any of the witnesses who testified here at trial may have fallen short of a reasonably expected level of professional responsibility, you may certainly consider that in evaluating the reliability or credibility of the witness's testimony. You are always directed that you may consider the evidence as well as the lack of evidence in reaching your verdict.


Adapted from 1 Sand, Modern Federal Jury Instructions, §2.01, Instruction 4-4 (2004).

## REQUEST NO. 5

## CREDIBILITY OF WITNESSES

You are to decide whether the testimony of each witness was truthful and accurate, in whole, in part, or not at all, and you are to decide what weight, if any, to give to each witness's testimony.  In evaluating each witness's testimony, you may consider, among other things, the witness's intelligence; the ability and opportunity the witness had to see, hear or know the things that the witness testified about; the witness's memory; any interest, bias, or prejudice the witness may have had; the manner of the witness while testifying; and the reasonableness of the witness's testimony in light of all the evidence in the case.

Adapted from U.S. v. Gaines, 457 F.3d 238, 249 fn. 8 (2d Cir. 2006).

## REQUEST NO. 5A

## CREDIBILITY OF TAX PAYER WITNESSES

You should weigh the testimony of a tax payer witness as you would any other witness under the instructions I just gave.  But in light of the arguments that you have heard from counsel on both sides, you may consider special characteristics of the testimony of tax payer witnesses.

The government has argued that the tax payer witnesses had no knowledge of any fraud in this case.  The fact that any tax payer witness was audited and paid back taxes in connection with his or her tax returns does not make his or her testimony any more or less believable.  The government's decision about who to prosecute or not to prosecute is not your concern.  You are only concerned with the case on trial and are not to speculate about such matters.

On the other hand, the defendant has argued that the tax payer witnesses themselves participated in tax fraud and knew that they were submitting returns with false content.  If you find that any witness knowingly submitted false returns, you must weigh the testimony of that person with great care and particular caution.  You should ask yourselves whether this witness would benefit more by lying, or by telling the truth, and whether he or she had some particular motive in giving particular testimony.  Similarly, if you find that a witness knowingly made a false statement under penalty of perjury, you should consider that witness's testimony with special care and caution.  But even if you find that a witness previously lied, in the end you are always the ones to decide how much, if any, of the testimony of such a witness to accept or reject.

As with all matters of credibility, I remind you that whether a tax payer witness knowingly lied on their taxes is an issue of fact for you to decide.

<u>Adapted</u> from 1 Sand, <u>Modern Federal Jury Instructions</u>, §§7-5, 7-18; <u>Hull</u> v. <u>U.S.</u>, 324 F.2d

817 (5th Cir. 1963) .

## REQUEST NO. 6

## DEFENDANT'S DECISION NOT TO TESTIFY (IF APPLICABLE)

The defendant Ms. Williesteina Jacobs did not testify in this case. Under our constitution, a defendant has no obligation to testify or present any other evidence because the burden is upon the prosecution to prove each defendant guilty beyond a reasonable doubt of every element of each crime charged. That burden remains with the prosecution throughout the entire trial and never shifts to a defendant. A defendant has the right to rely upon the failure of the prosecution to establish such proof. A defendant may also rely upon evidence brought out on cross-examination of the government's witnesses. The law does not impose upon a defendant the duty of producing any witnesses. A defendant is never required to prove that he is innocent.

You may not speculate as to why a defendant did not testify. There are many reasons why a defendant may decide not to testify. The defendant may choose not to testify because of the strain and tension of being a witness. The defendant may be embarrassed by her inability to speak well in front of a group of people. You are not to speculate as to these things.

You may not attach any significance to the fact that a defendant did not testify. You may not draw any adverse inference against a defendant because she chose not to take the witness stand. You may not consider this against the defendant in any way in your deliberations in the jury room.

Adapted from the charge of the Honorable Kevin T. Duffy in U. S. v. Arturo Sanchez, 73 Cr. 48 (SDNY), pp. 224-225; 1 Sand, Modern Federal Jury Instructions, §5.07, Instruction 5-21 (2004).

10

## REQUEST NO. 7

## DEFENDANT'S "FAILURE" TO TESTIFY (IF APPLICABLE)

It is respectfully requested that the Court not refer to a "failure" to testify, but to a choice or election not to testify.

See 1 Sand, Modern Federal Jury Instructions, §5.07, at 5-59 (2004).

## REQUEST NO. 8

## THE DEFENDANT'S INTEREST (IF THE DEFENDANT TESTIFIES)

In a criminal case, a defendant never has a duty to testify or come forward with any evidence.  The reason is that, as I have told you, a defendant is presumed innocent and the government at all times has the burden of proof beyond a reasonable doubt.  But, if she chooses, a defendant also has the right to testify and to take the witness stand on her own behalf.  In this case, the defendant Ms. Williesteina Jacobs decided to testify, like any other witness, and she was subject to cross-examination, like any other witness.  You should examine and evaluate her testimony just as you would the testimony of any witness.

Adapted from U.S. v. Gaines, 457 F.3d 238, 249 fn. 9 (2d Cir. 2006); 1 Sand, Modern Federal Jury Instructions, §7.01, Instruction 7-4 (2004).

12

**ALTERNATIVE REQUEST NO. 8A**

**A DEFENDANT'S INTEREST (IF THE DEFENDANT TESTIFIES)**

You should bear in mind that a defendant may choose to testify because she may be the most important witness for her own defense. She, above all others, may be in a position to meet the prosecution's case. She, above all others, may have knowledge of relevant, or even crucial, facts in the case. She may best be able to meet the prosecution's case by presenting her own version of events in her own words. Like the truthfulness of any other witness, one of the most important ways to test her truthfulness is through cross-examination. Thus, her testimony may advance both the detection of guilt and the protection of innocence.

Adapted from Rock v. Arkansas, 483 U.S. 44, 50-54 (1987).

13

## REQUEST NO. 9

## DEFENDANT'S OUT OF COURT STATEMENTS (IF APPLICABLE)

Any statement made by the defendant outside this courtroom must be considered with caution and weighed with great care.  Further, any such statement should be disregarded entirely unless the government has proven beyond a reasonable doubt that the statement was in fact made.  Furthermore, even if the government has proven beyond a reasonable doubt that the statement was in fact made, the statement should be disregarded entirely unless the government has also proven beyond a reasonable doubt that the statement was also knowingly made.

A statement is "knowingly" made if done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

In determining whether any statement allegedly said by the defendant outside of the courtroom was knowingly made, you should consider her age, education, occupation, and physical and mental condition and language abilities.  You should also consider the circumstances of her arrest, custody or interrogation, and all other circumstances surrounding the making of the statements.

If, after considering the evidence you determine that a statement was made and you also determine that a statement was knowingly made, you will give it such weight as you feel it deserves under the circumstances.  In determining what weight to give the statement, you should consider the same factors you used in determining whether the statement was knowingly made.  If, however, you determine that the statement was not knowingly made, you must disregard it in its entirety.  And if you determine that the statement was not made, you must also disregard it in its entirety.

Adapted from Jackson v. Denno, 378 U.S. 368 (1964); U.S. v. Ross, 719 F. 2d 615, 618 (2d Cir. 1983); U.S. v. Barry, 518 F.2d 342, 347-348 (2d Cir. 1975); U.S. v. Fera, 616 F.2d 590

14

(1st Cir.), <u>cert. denied</u>, 446 U.S. 969 (1980); and 2 E. Devitt and C. Blackmar, Federal Jury Practice and Instructions §15.06 (1977).

## REQUEST NO. 10

## PRESUMPTION OF INNOCENCE

As you know, Ms. Jacobs has pleaded not guilty to the crime charged in the indictment.  The indictment is not any evidence at all of guilt.  It is just the formal way that the government tells a person what crime she is accused of committing.  It does not even raise any suspicion of guilt.

Instead, the defendant starts the trial here with a clean slate, with no evidence at all against her.  The law presumes that she is innocent of all the charges against her.  This presumption of innocence stays with her and this presumption alone is sufficient to acquit her defendant unless the government presents evidence here in court that overcomes the presumption and convinces you beyond a reasonable doubt that she is guilty.

This means that Ms. Jacobs has no obligation to present any evidence at all, whether by calling witnesses or producing any other kind of evidence.  She has no obligation to prove to you in any way that she is innocent.  It is up to the government to prove that she is guilty.  The burden of proof stays on the government from start to finish, and it never shifts to a defendant.  Because you must presume Ms. Jacobs to be innocent, you must find her not guilty unless the government convinces you beyond a reasonable doubt that she is guilty.

Adapted from Pattern Criminal Jury Instructions of the District Judges Association of the Sixth Circuit, Instruction No. 1.03 (1991); 1 Sand, Modern Federal Jury Instructions, §4.01, Instruction 4-1 (2004).

## REQUEST NO. 11

## GUILT OR INNOCENCE

Your function as jurors is to determine whether the government has proven Ms. Jacobs' guilt beyond a reasonable doubt as to each count of the indictment.  In your deliberations, you must ultimately decide whether the evidence demonstrates guilt beyond a reasonable doubt, not whether it establishes innocence.

As I have already explained, a defendant is presumed to be innocent, and that presumption continues until and unless you become convinced that the government has proven guilt beyond a reasonable doubt.  If the government does not bring forth proof raising to the level of proof beyond a reasonable doubt, you should acquit Ms. Jacobs.  That is so whether or not you believe that she is innocent.

A defendant is never to be convicted on mere suspicion or conjecture.  Furthermore, if you, the jurors, view the evidence as reasonably permitting either of two conclusions – one of innocence, the other of guilty – you must reach a verdict of not guilty.

Thus, it sometimes happens in American courtrooms, and it has happened in this very courtroom, that a jury returns a verdict of not guilty even though everybody in the courtroom believes that the defendant might be guilty.  What the jury is saying in those cases is not that the defendant is innocent but rather that the government has failed to meet its burden of proving the defendant's guilt beyond a reasonable doubt.


Adapted in part from 1 Devitt and Blackmar, Federal Jury Practice and Instructions, §12.10 (4th ed. 1992); "Procedure, Questions and Statements on Taking Pleas of Guilty or Nolo Contendere," of the Honorable Edward R. Korman.

17

## REQUEST NO. 12[1]

## AMBIGUOUS EVIDENCE

Some evidence may be susceptible of more than one inference – with one inference tending to indicate guilt and the other innocence.  When considering such evidence which might show either guilt or innocence, you must keep in mind the presumption of innocence and the prosecution's burden of proving a defendant guilty beyond a reasonable doubt.

---

[1] The defense respectfully requests that the Court include this paragraph as part of its standard instruction on direct and circumstantial evidence.

18

**REQUEST NO. 13[2]**

**INFERENCES**

To draw an inference simply means to find the existence of one fact from proof of another, and that's essentially what we mean when we talk about circumstantial evidence. We mean the drawing of an inference, the finding of one fact from the existence of another. You should draw inferences only if they are reasonable and logical to draw. Inferences should not be drawn based upon guess work or speculation.

Consider this example. Before going to bed one night, you look out the window and notice that the street is perfectly dry. When you wake up the next morning, you look out the window and notice that the street is wet but the sidewalk is dry. Based on those observations, it may be illogical to infer that it rained during the night. It may be more logical to infer that a sanitation truck drove by and sprinkled the street. Or you may conclude that drawing any inference based on these observations would be mere guesswork or speculation.

Adapted from the charges of the Honorable Denis R. Hurley in U.S. v. Clarence Jones, Jr., 91 CR 494 (DRH); the Honorable I. Leo Glasser in U.S. v. Robertson, 93 CR 1425 (ILG).

---

[2] The defense respectfully requests that the Court include this paragraph as part of its standard instruction on direct and circumstantial evidence.

## REQUEST NO. 14

## ELEMENTS OF THE OFFENSE

In order to prove the defendant guilty of aiding or assisting in the filing of a false tax return, the government must prove three elements beyond a reasonable doubt:

One, the defendant advised or assisted in the preparation of a tax return that was later filed.

Two, the return was false or fraudulent as to a material matter.

Three, the defendant acted willfully.

Adapted from Modern Federal Jury Instructions-Criminal §59.27; U.S. v. Klausner, 80 F.3d 55, 59 (2d Cir. 1996).

20

**REQUEST NO. 15**

**FIRST   ELEMENT   –   DEFENDANT   ADVISED   OR**

**ASSISTED IN THE PREPARATION OF A RETURN**

The first element that the government must prove beyond a reasonable doubt is that the defendant advised or assisted in the preparation of a tax return that was subsequently filed with the Internal Revenue Service.


Adapted from Modern Federal Jury Instructions-Criminal §59.28.

## REQUEST NO. 16

## SECOND ELEMENT – RETURN WAS FALSE

The second element that the government must prove beyond a reasonable doubt is that the return was false as to a material matter.

An income tax return may be incorrect not only by understating income but also by overstating lawful deductions or mischaracterizing deductible expenses.

A statement is false if untrue when made and the person making it or causing it to be made knows at the time that it is untrue.

The false statement in the return must be material. This means that the false statement must be essential to an accurate determination of a tax payer's tax liability.


Adapted from Modern Federal Jury Instructions-Criminal §59.29.

**REQUEST NO. 17**

**THIRD ELEMENT – WILLFULNESS**

The third element that the government must prove beyond a reasonable doubt is that the defendant acted willfully.

Willfulness, requires the government to prove a voluntary, intentional violation of a known legal duty.  In other words, the defendant must have acted with the specific intent to do something that the law forbids.   That is to say, the defendant must have acted with a purpose to either disobey or disregard the law.  She cannot be found guilty unless she acted with bad faith or with evil intent.

Willfulness is not incompetence, negligence, accident, inadvertence, mistake, or a good faith misunderstanding as to the requirements of the law.  Mere incompetence, even gross incompetence, is not wilfulness under the law.  Likewise, negligence, even gross negligence, is not willfulness under the law.

In order to convict the defendant, the government must prove that the law imposed a duty on the defendant, that the defendant knew of this duty, and that she willfully, that is, voluntarily and intentionally, violated the duty.


Adapted from Modern Federal Jury Instructions-Criminal §59.30; Cheek v. U.S., 498 U.S. 192, 111 S. Ct. 604, 112 L. Ed. 2d 617 (1991) ; U.S. v. Pomponio, 429 U.S. 10, 97 S. Ct. 22, 50 L. Ed. 2d 12 (1976); U.S. v. Kerley, 544 F.3d 172 (2d Cir. 2008); U.S. v. Brooks, 174 F.3d 950, 955 (8th Cir. 1999); U.S.. v. Hilgeford, 7 F.3d 1340, 1342 (7th Cir. 1993); U.S. v. Quinto, 582 F.2d 224, fn. 1 (2d Cir. 1978).

23

## REQUEST NO. 18

## GOOD FAITH

Good faith is a complete defense to the charges in this case.

Someone who acts in good faith is not acting willfully.  Good faith means, among other things, an honest belief, a lack of malice, and the intent to perform all lawful obligations.  A person who acts on a belief of an opinion honestly held has not committed a crime merely because that honest belief turns out to be incorrect or wrong.

If the defendant in good faith believed that she correctly prepared tax returns for the individual tax payers listed in the indictment she cannot be guilty of aiding and assisting the preparation of false tax returns.  Therefore, if you find that the defendant honestly believed that she correctly prepared the tax returns – even if that belief was unreasonable or irrational – then you must find her not guilty. You may consider whether the defendant's belief was actually reasonable as a factor in deciding whether she held that belief in good faith.  But the defendant's belief need not be objectively reasonable to be held in good faith.

The defendant does not have the burden of proving her good faith because the defendant has no obligation to prove anything to you.  Rather the government has the burden of proving to you beyond a reasonable doubt that the defendant acted willfully, had criminal intent, and lacked good faith.  The defendant is presumed to have acted in good faith.  In order to overcome the presumption that the defendant acted in good faith the prosecution must prove bad faith or knowledge of falsity beyond a reasonable doubt.


Adapted from Modern Federal Jury Instructions-Criminal §8.01; Modern Federal Jury Instructions-Criminal §67.25; see also Cheek v. U.S., 498 U.S. 192 (1991).

## REQUEST NO. 19

## PROOF OF SIGNING OF RETURN AS PROOF OF
## KNOWLEDGE OF CONTENTS OF RETURN

Section 6064 of Title 26 of the United States Cole states the following: "The fact that an individual's name is signed to a return, statement, or other document shall be prima facie evidence for all purposes that the return, statement, or other document was actually signed by him."

In other words, as to whether a tax payer was aware of the contents of his or her personal returns, if you are convinced that the tax payer signed the returns in question, then you may draw the inference that he or she knew the contents of the returns.  You may conclude from nothing more than the presence of a tax payer's uncontested signature that he or she had, in fact, read the return.


Adapted from Kevin F. O'Malley, et. al., Federal Jury Practice and Instructions: Criminal, 5th Ed., Vol. 2B, §67.22 (2000); U.S. v. Ruffin, 575 F.2d 346, 354 (2d Cir. 1978); U.S. v. Romanow, 509 F.2d 26, 27 (1st Cir. 1975); Wainwright v. U.S., 448 F.2d 984, 986 (10th Cir. 1971), cert. denied, 407 U.S. 911 (1972).

## REQUEST NO. 20

## EACH TAX YEAR IS SEPARATE

Any willful failure to comply with the requirements of the Internal Revenue Code for one year is a separate matter from any such failure to comply for a different year.  The tax obligations of in any one year must be determined separately from the tax obligations in any other year.


Adapted from Kevin F. O'Malley, et. al., Federal Jury Practice and Instructions: Criminal, 5th Ed., Vol. 2B, §67.24 (2000).

## REQUEST NO. 21

## PAROLE ABOLISHED

Some of you may have heard in the media that convicts in state prison are released on parole before serving their full sentence.  In the federal system, parole has been abolished. Thus, in reaching your verdict, you should not consider the possibility of parole because, if Ms. Jacobs is convicted, there will be no possibility of parole in his case.


DATED:        Brooklyn, New York

July 5, 2016


s/s
_____

DOUGLAS G. MORRIS, ESQ.

MICHAEL WEIL, ESQ.

27