UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
UNITED STATES OF AMERICA,                          :
                                                   :
                                                   :
                    v.                             :        **MEMORANDUM AND ORDER**
                                                   :        14-CR-160 (WFK)
WILLIESTEINA JACOBS,                               :
                                                   :
                                                   :
                    Defendant.                     :
-----------------------------------------------------------------X
**WILLIAM F. KUNTZ, II, United States District Judge:**

On March 21, 2014, Williesteina Jacobs ("Defendant") was indicted on twenty seven counts of Aiding in the Preparation of False Returns in violation of 26 U.S.C. § 7206(2). ECF No. 1 ("Indictment"). On July 7, 2016, the Court held a hearing on motions *in limine* filed by Defendant and the Government. The Court hereby DENIES Defendant's motion *in limine*, ECF No. 36, and GRANTS the Government's motion *in limine*, ECF No. 39.

## BACKGROUND

On March 21, 2014, Defendant was charged by an Indictment with twenty-seven counts

of Aiding in the Preparation of False Returns in violation of 26 U.S.C. § 7206(2). Indictment ¶¶

6-7. On March 25, 2014, Defendant was arraigned before Magistrate Judge Go and pleaded Not

Guilty to all counts. ECF No. 3 ("Arraignment Minute Entry").

On February 12, 2016, Defendant filed a motion *in limine* to admit into evidence certain

Internal Revenue Service ("I.R.S.") regulations. ECF No. 36 ("Def. Mot."). The Government

filed a memorandum in opposition on April 1, 2016. ECF No. 40 ("Gov't Opp."). Defendant

filed a reply memorandum on June 29, 2016. ECF No. 43 ("Def. Reply").

On March 17, 2016, the Government filed a motion *in limine* asking the Court to (1)

admit evidence of an undercover operation conducted by an I.R.S. Agent, (2) admit evidence of

additional uncharged false tax returns prepared by Defendant, and (3) permit an I.R.S. Revenue

Agent to remain in the courtroom throughout the trial and serve as a summary witness. ECF No.

39 ("Gov't Mot."). Defendant filed a memorandum in opposition on April 1, 2016. ECF No. 41 ("Def. Opp.").

On July 7, 2016, the Court held a hearing on both motions *in limine*. For the following reasons, the Court DENIES Defendant's motion and GRANTS the Government's motion.

## DISCUSSION

### I. Defendant's Motion

Defendant moves the Court for permission:

(i) to inquire about the applicable Internal Revenue Code provisions and accompanying regulations, and the IRS's guidance (as set forth in Internal Revenue Bulletins and Advance Notices announcing its substantive rulings, procedures, and other technical items) governing the legal duty of tax preparers to audit the factual representations of their clients; and

(ii) to introduce as exhibits copies of the applicable Internal Revenue Code provisions and regulations, and the IRS' guidance, at trial.

Def. Mot. at 2. Defendant argues that, under the governing tax regulations, a tax preparer has no legal duty to audit a client's representations. *Id.* at 3-6. Defendant further argues that because the Government must prove that Defendant intentionally violated a known legal duty in order to convict her of tax fraud, evidence of these regulations is relevant to the question of her intent and must be introduced to avoid jury confusion. *Id.* at 2-3, 7-8.

In response, the Government argues that Defendant's request contravenes the well-settled principle that the law is not admissible evidence in a criminal trial. Gov't Opp. at 3. The Government argues that the Court alone has jurisdiction to determine the applicable law, and cites to several cases in which federal courts of appeal have upheld decisions by district courts refusing to admit legal materials offered by defendants in criminal tax trials. *Id.* (citing, *inter alia, United States v. Stafford*, 983 F.2d 25, 27 (5th Cir. 1993); *United States v. Payne*, 978 F.2d 1177, 1182 (10th Cir. 1992); *United States v. Barnett*, 945 F.2d 1296, 1301 n.2 (5th Cir. 1991)).

The Government further argues that the I.R.S. regulations at issue are irrelevant and should be excluded under Federal Rule of Evidence ("F.R.E.") 401, and that the regulations would be unduly confusing to the jury and should be excluded under F.R.E. 403. *Id.* at 4-6.

Defendant replies that, although the obligations of a taxpayer are straightforward, the obligations of a tax preparer are not. Def. Reply at 6. Defendant argues that the governing regulations must be admitted to properly establish the element of "willfulness," because jurors may wonder whether Defendant sufficiently inquired into the potentially false information her clients provided. *Id.* Defendant insists that this evidence would be "narrowly focused on the extent and limits of [Defendant's] duty as a tax preparer," and not "so diffuse as to be utterly confusing." *Id.* at 4.

This Court will not allow Defendant to inquire into, or offer into evidence, provisions of the Internal Revenue Code and their accompanying regulations. Permitting the admission of such evidence would undermine the Court's role of instructing the jury on the applicable law. *See United States v. Kraeger*, 711 F.2d 6, 7-8 (2d Cir. 1983) (noting that questions of law are for the court to decide, and questions of fact are for the jury). Furthermore, such evidence is irrelevant to Defendant's willfulness and is precluded under F.R.E. 401. To demonstrate willfulness, the Government must show that Defendant fabricated information on the relevant tax returns and knew the returns were false. If the evidence shows that the Defendant's clients presented false information to her, and Defendant did not know the information was false, she cannot be found to have acted willfully and is not guilty of the charged crime. If the evidence shows that Defendant did not investigate false representations made by her clients when she had no legal duty to do so, the Court will instruct the jury on the law and they may determine

Defendant's willfulness. Either way, introduction of the relevant I.R.S. provisions into evidence is both irrelevant and unnecessary.

## II.    Government's Motion

The Government has made three requests in its motion *in limine*. This Court addresses each request in turn.

### A. Undercover Operation

First, the Government moves the Court to admit evidence of an undercover operation conducted on March 18, 2010, in which an I.R.S. Agent posed as a taxpayer-client in order to have Defendant prepare his 2009 tax return. The return allegedly would have generated a tax liability of $1,448.00 if it was prepared correctly; however, Defendant prepared a return in which the undercover agent was entitled to a refund. Gov't. Mot. at 2-3. The undercover agent's interactions with Defendant were recorded visually and audibly. *Id.* Defendant does not contest the admissibility of this evidence. *See generally* Def. Opp.

The Court finds that this evidence is probative of Defendant's knowledge and intent regarding her alleged fraudulent inflation of tax refunds for her clients. Accordingly, the Government may present evidence of the undercover operation as "other act" evidence pursuant to F.R.E. 404(b). *See United States v. Cadet*, 664 F.3d 27, 32 (2d Cir. 2011) (finding no abuse of discretion in a district court's decision to admit evidence of a similar undercover operation in a criminal tax fraud prosecution).

### B. Past Tax Returns

Second, the Government moves the Court to admit evidence of tax returns prepared by Defendant for the 2006 tax year on behalf of a subset of the same clients whose 2007 through 2009 tax returns form the basis of the Indictment. Gov't Mot. at 4-5.

In support of this motion, the Government cites F.R.E. 404(b), which permits the introduction of evidence of a crime, wrong, or other act for the purpose of "proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." The Government also cites to Second Circuit precedent holding that a district court's decision to admit F.R.E.404(b) evidence is deferentially reviewed under the abuse of discretion standard. *See id.* at 5-6 (citing *United States v. Paulino*, 445 F.3d 211, 221 (2d Cir. 2006)). The Government contends that admitting evidence of the 2006 tax returns would not be an abuse of discretion, because such evidence is routinely allowed. *Id.* at 7 (citing, *inter alia*, *United States v. Toto-Ngosso*, 407 F. App'x 687, 689-90 (4th Cir. 2011)).

In response, Defendant argues that the introduction of additional tax returns into evidence will generate unfair prejudice and confusion, and that the Court should exclude it under F.R.E. 403. Def. Opp. at 2-3. In Defendant's view, such evidence would be cumulative and wasteful of the Court's time. *Id.* Defendant also argues that the introduction of the 2006 tax returns is an attempt to end-run the six-year statute of limitations for tax fraud that barred the Government from indicting Defendant on these returns. *Id.*

Although the 2006 tax returns are unlikely to sway a jury in either direction, the Court finds them to be probative of motive and will permit their introduction into evidence. The Court's decision is consistent with the general precedent that such evidence is admissible under F.R.E. 404(b) and not prejudicial under F.R.E. 403. *See, e.g., Toto-Ngosso*, 407 F. App'x at 689-90 (affirming the admission of uncharged false client tax returns as "highly probative" of a defendant's state of mind as to the charged counts); *United States v. Ali*, 616 F.3d 745, 753 (8th Cir. 2010) (affirming admission into evidence of uncharged false client tax returns as probative of defendant's state of mind); *United States v. Mitts*, 396 F. App'x 296, 300 (6th Cir. 2010)

(affirming admission of uncharged false client tax returns as probative of "intent, plan, knowledge, or absence of mistake or accident"). Moreover, because the 2006 returns are for the same clients as the 2007-2009 returns, they pose little risk of undue prejudice.

### C. Summary Expert Witness

Finally, the Government moves the Court to permit an I.R.S. revenue agent to remain in the courtroom throughout trial and serve as a summary witness. Gov't Mot. at 9-10. The Government argues that the agent's in-court presence is "essential to presenting [the Government's] claim" as required by F.R.E. 615(c), because the agent's testimony is crucial to establish the requisite materiality of the falsehoods included on the tax returns prepared by Defendant. *Id.* In order to testify on this point, the agent must listen to the in-court testimony of Defendant's clients so that she may make adjustments to their tax returns and compute their proper tax liabilities. *Id.*

Defendant replies that the Court should preclude the I.R.S. agent from testifying for four reasons. First, Defendant argues that the testimony of a summary expert witness is not necessary to establish materiality; rather, this can be established by examining the returns themselves. Def. Opp. at 4. Second, Defendant insists that this case is "a simple tax fraud" case, not a "complicated tax evasion" case, and summary expert witnesses are generally reserved for the latter category of cases. *Id.* at 4-5. Third, Defendant claims that the testimony of the agent presents an unnecessary risk of prejudice and should be excluded under F.R.E. 403. *Id.* at 5-6. Finally, although Defendant admits that jury instructions can cure any prejudice stemming from the agent's testimony, Defendant argues that instructions should not be an "excuse for countenancing prejudice that is easily avoidable" by precluding the agent's testimony in the first instance. *Id.* at 7.

Should the court permit the agent to testify as a summary witness, Defendant urges the Court to exclude her from the courtroom during trial. *Id.* at 7-8. Defendant argues that, far from being "essential" under F.R.E. 615, the agent's presence in the courtroom is merely "convenient" for the Government. *Id.* According to Defendant, all that is essential for the Government's case is contained in the tax returns themselves. *Id.*

This Court will permit the agent to testify as a summary expert witness. The case *United States v. Cadet*, 08-CR-458, 2009 WL 2959606, at *4 (E.D.N.Y. Sept. 11, 2009) (Garaufis, J.), is analogous and instructive on this point. In *Cadet*, Judge Garaufis allowed an I.R.S. agent to testify as a summary expert witness in a tax fraud case. *Id.* To counter similar arguments to those raised by Defendant here, Judge Garaufis noted:

> Defendant's arguments to the contrary misapprehend the role [the I.R.S. agent] will play at trial. [The agent] will not be permitted to opine on the credibility of other fact witnesses or in any way evaluate their testimony. Rather, based on the numerical facts provided by those witnesses, he will merely perform tax calculations. The numbers he uses and assumptions he makes will be subject to cross-examination, as will his calculations.

*Id.* The I.R.S. agent's proposed testimony in the instant case is no different, and this Court will allow such testimony for the reasons articulated in the *Cadet* case. Furthermore, because the agent's testimony would go to the size of the fraudulent tax refunds at issue, the Court finds that the agent's testimony is directly related to the materiality of Defendant's falsehoods pursuant to F.R.E. 615(c). *See id.* at *5. Materiality is an essential element of the crime charged, and therefore the I.R.S. agent may remain in the courtroom during trial pursuant to F.R.E. 615(c).

## CONCLUSION

Accordingly, the Court DENIES Defendant's motion *in limine*, ECF No. 36, and GRANTS the Government's motion *in limine*, ECF No. 39.

**SO ORDERED.**

s/ WFK

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: July 12, 2016
      Brooklyn, New York